## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF MILLARD M. BRAUNSTEIN, by and through its executor, ELLIOT BRAUNSTEIN, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITEDHEALTH GROUP, INC., and UNITEDHEALTHCARE INSURANCE COMPANY<br><br>           Defendants. | Case No. _____<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br><br>(Removal from: Superior Court of New Jersey, Law Division, Camden County) |

TO:   CLERK, UNITED STATES DISTRICT COURT
       DISTRICT OF NEW JERSEY

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and with full reservations of defenses, Defendants UnitedHealth Group Inc. ("UHG") and UnitedHealthcare Insurance Company ("UHC," and together with "UHG," "Defendants" or "United") hereby remove to the United States District Court for the District of New Jersey this action originally filed in the Superior Court of New Jersey, Law Division, Camden County, captioned as *The Estate of Millard M. Braunstein, by and through its executor, Elliot Braunstein, individually and on behalf of all others similarly situated, v. UnitedHealth Group, Inc. and UnitedHealthcare Insurance Company*, No. 002810-25 (the "State Court Action"). In support of removal, Defendants provide this "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), as follows:

## I.    THE STATE COURT ACTION, PARTIES, AND PLEADINGS

1.      On August 21, 2025, Plaintiff, the Estate of Millard M. Braunstein, by and through its executor, Elliot Braunstein, filed its Complaint in the State Court Action.  The Complaint and its exhibits are attached as **Exhibit A**.

2.      The State Court Action relates to supplemental health insurance that Mr. Braunstein (the decedent policyholder) purchased, which was administered by Defendants.  *See* Ex. A, Compl. ¶ 23.  While the Complaint does not specify what kind of supplemental health insurance the policyholder had, the Complaint's allegations generally relate to, and rely on marketing materials reflecting, Defendants' administration of certain Medicare Advantage and Medicare Supplemental insurance plans.  *E.g.*, *id.* ¶ 17.

3.      Plaintiff contends that, after the policyholder's death on December 2, 2024, Plaintiff sought to terminate the policyholder's health insurance and requested a pro rata refund of the insurance premium pursuant to New Jersey law, but Defendants refused.  *Id.* ¶ 24.  Plaintiff alleges it has a right to recover the unearned health insurance premiums from the plan upon the death of the policyholder.  *Id.* ¶¶ 1-3.  But, according to Plaintiff, Defendants have a purported "no refund policy for the month of the death" of policyholders, in violation of N.J. Stat. § 17:29C-4.1.  *Id.* ¶ 29.

4.      On the basis of these allegations, the Complaint asserts causes of action against Defendants for conversion (Count I) and unjust enrichment (Count II), and seeks a declaration that Defendants' purported policy is unlawful (Count

III). *Id.* ¶¶ 38-53.  All three causes of action are brought by Plaintiff individually and on behalf of a putative class of "estates and/or next of kin of all persons in the State of New Jersey that did not receive a refund of the policyholder's unused insurance premiums from Defendants after the policyholder's death during the [sic] August 19, 2019 through the date of class certification." *Id.* ¶ 31.

5.    Defendants have not filed a responsive pleading in the State Court Action.  The complete docket from the State Court Action as of September 10, 2025 is attached as **Exhibit B**.

## II.    <u>TIMELINESS OF REMOVAL</u>

6.    Plaintiff served the Complaint on Defendants on August 26, 2025.  This Notice of Removal is timely under 28 USC § 1446(b) because Defendants filed the Notice within 30 days of service of the Complaint.

## III.    <u>REMOVAL BASIS: JURISDICTION UNDER CLASS ACTION FAIRNESS ACT</u>

7.    This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because each of CAFA's statutory requirements is satisfied.  Specifically, (1) there exists minimum diversity between the parties; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5,000,000.  *Id.* §§ 1332(d)(2), (d)(5)(B), and (d)(6).

8.    Jurisdiction under CAFA is measured at the time of removal.  28 U.S.C. § 1332(d).  Courts construe complaints generously in favor of jurisdiction and should not employ any presumption against removability under CAFA.  *See Dart*

*Cherokee Basis Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014)  ("[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court").

### A.    <u>Minimum Diversity Requirement</u>

9.     Minimum diversity pursuant to CAFA exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

10.     Plaintiff alleges it is a legal entity existing by and through the laws of the State of New Jersey.  *See* Ex. A, Compl. ¶ 9.

11.     Plaintiff alleges that the putative class is comprised solely of New Jersey citizens.  *See id.* ¶ 31.

12.     Plaintiff alleges that Defendant UnitedHealth Group, Inc. is a company with its principal place of business in Minnetonka, Minnesota.  *See id.* ¶ 10.  And Plaintiff alleges that Defendant UnitedHealthcare Insurance Company is a wholly owned subsidiary of UnitedHealth Group with its principal place of business in Hartford, Connecticut.  *Id.* ¶ 11.

13.     Therefore, because Plaintiff and the members of the putative class are citizens of a State different from Defendants, the minimum diversity requirement of CAFA is satisfied.

### B.    <u>Putative Class Size Requirement</u>

14.     Under CAFA, the number of putative class members must exceed 100. 28 U.S.C. § 1332(d)(5)(B).

15.    In the Complaint, Plaintiff defines the putative class as:

> The estates and/or next of kin of all persons in the State of New Jersey that did not receive a refund of the policyholder's unused insurance premiums from Defendants after the policyholder's death during the August 19, 2019 [sic], through the date of class certification. *See* Ex. A, Compl. ¶ 31.

16.    Plaintiff alleges that the putative class is "believed to include thousands of members," making joinder impracticable. *Id.* ¶ 32.

17.    Accordingly, the Complaint alleges a putative class with more than 100 members, satisfying CAFA's putative class size threshold.

### C.    Amount in Controversy Requirement

18.    CAFA's third and final requirement is that that the aggregate amount in controversy exceeds $5 million for the entire putative class, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (d)(6).

19.    A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. To determine the amount in controversy, a district court shall aggregate "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). "This calculation involves examining ***both*** the dollar figure offered by the plaintiff and the plaintiff's actual legal claims." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 541 (D.N.J. 2020) (emphasis added).

20.    The amount in controversy under CAFA includes the value of any compensatory damages, statutory damages, and punitive damages, attorneys' fees

where authorized by statute, and injunctive and declaratory relief sought by plaintiff. *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).

21.     Here, Plaintiff seeks, in part, to recover as damages—individually and on behalf of the putative class—"all amounts wrongfully retained by Defendant[s]," which it alleges is the *pro rata* refund of unused insurance premiums for the period after the death of the policyholder to the cancellation of the policy. *See* Ex. A, Compl. ¶¶ 33, 46.

22.     Under these allegations, upon information and belief the collective dollar value of potential *pro rata* premiums owed to the Plaintiff and putative class exceeds $5 million.

23.     Additionally, Plaintiff also seeks, among other things, punitive damages, disgorgement, injunctive and declaratory relief, and statutory penalties and interest, all of which are also properly considered for purposes of determining the amount in controversy. *See id.* ¶¶ 41, 47, 52, 53, & Prayer for Relief D-E.

24.     With respect to its claim for declaratory judgment (Count III), Plaintiff seeks a judicial declaration declaring that Defendants' "policy not to refund unused insurance premiums for the month of an insured's death" is unlawful, and an order requiring "disgorgement of any unlawfully retained insurance premiums." *See id.* ¶¶ 50, 52. This claim seeks an equitable accounting in support. *Id.* ¶ 53. The relief sought by this declaratory judgment claim can be valued at more than $5 million, for the same reason that the actual damages are anticipated to exceed that amount

(*i.e.*, an average monthly pro rata "unused" premium after policyholder death (under Plaintiff's allegations), multiplied by the size of the putative class).

25.    Thus, the collective value of Plaintiff's compensatory damages requests and pleaded requests for legal relief, including injunctive and declaratory relief, plausibly exceeds CAFA's $5 million amount in controversy threshold.

## IV.    <u>VENUE</u>

26.    Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Camden County, which is in the District of New Jersey.

27.    Venue in this District is therefore proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the District of New Jersey is the District Court for the district and division within which the Complaint was originally filed and is currently pending.

## V.    <u>NOTICES</u>

28.    In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiff, and Defendants will file a copy of the Notice of Removal and attendant exhibits with the Superior Court of New Jersey, Law Division, Camden County.  The notice to be filed in the State Court Action is attached as **Exhibit C** ("Notice of Filing of Notice of Removal").

29.    Defendants preserve all claims, defenses, and positions available to it at law, in equity or otherwise, and this Notice of Removal shall not serve as a waiver of any such claim, defense, or position.  Defendants further file this Notice of

Removal without conceding that Defendants are properly named in the Complaint. If there are any questions that arise as to the propriety of removal of this action, Defendants respectfully request the opportunity to submit briefing, argument, and additional evidence as necessary to support removal of this case.

WHEREFORE, Defendants hereby remove this matter to the United States District Court for the District of New Jersey.

[*intentionally blank; signature block follows*]

Dated: September 25, 2025

Respectfully Submitted,

STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Robert Norcia*
Robert Norcia (Bar ID # 165172015)
Ethan Scapellati (Bar ID # 530022025)
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8587
F: (215) 564-8120
rnorcia@stradley.com
escapellati@stradley.com

O'MELVENY & MYERS LLP
Meaghan VerGow (*pro hac vice* forthcoming)
Meredith Garagiola (*pro hac vice* forthcoming)
1625 Eye Street, NW
Washington, DC 20006
Phone: 202-383-5300
Fax: 202-383-5414
mvergow@omm.com
mgaragiola@omm.com

Victoria C. Hargis (*pro hac vice* forthcoming)
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
Phone: 212-326-2000
Fax: 212-326-2061
vhargis@omm.com

*Counsel for Defendants*

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

The matter in controversy is not the subject of any other action pending in any court or arbitration or administrative proceeding other than the matter that is being removed to this Court.

I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 25, 2025                    _/s/ Robert Norcia_____
                                            Robert Norcia

## CERTIFICATE OF SERVICE

I certify that on September 25, 2025, I caused a true and correct copy of the foregoing to be filed with the Court's electronic filing system and to be served by United States First-Class Mail and email upon Plaintiff's counsel:

**SALTZ, MONGELUZZI, & BENDESKY, P.C.**
Simon Paris
Patrick Howard
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
sparis@smbb.com
phoward@smbb.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Daniel J. Nordin
Shashi K. Gowda
Michael J. Warkel
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
dnordin@gustasongluek.com
sgowda@gustafsongluek.com

/s/ Robert Norcia
Robert Norcia